Fredrick BANTA, Appellee,

v.

Carolyn Marie BANTA, Appellant.

No. 70794.

Court of Appeals of Oklahoma, Division No. I.

Oct. 31, 1989.

M. Eileen Echols, and David W. Echols, Oklahoma City, for appellant.

Diana G. Mueller, Oklahoma City, for appellee.

## MEMORANDUM OPINION

HUNTER, Judge:

Upon consideration of the briefs and record in the above styled matter, the Court finds as follows:

1. Appellant seeks review of the trial court's order denying her Writ of Habeas Corpus and Motion to Vacate. The parties were married on November 6, 1981, at which time, Appellant was pregnant with the minor child in question, Joshua, who was born March 6, 1982. Another child of the marriage was born in February, 1984. The parties were divorced on June 5, 1985. The divorce decree was a consent divorce decree and the parties stipulated that Appellee is not the biological father of Joshua, but that because Joshua was born during the marriage, Appellee is presumed to be the father. Appellant was awarded custody of the minor children of the parties'. Appellee was ordered to pay child support for both minor children, and awarded specific visitation privileges with the children.

Appellant was granted permission to leave the state with the children, and the trial court entered its order modifying Appellee's visitation to other specific periods, and ordered that Appellee be allowed weekly telephone calls, and notification of any change of address or telephone number of the children. Appellant left for California with the children. However, Appellant failed to give Appellee a correct address or telephone number for the children, thereby making it impossible for Appellee to know their whereabouts or to make contact with the children. On December 22, 1986, the trial court modified the custody provisions of the divorce decree, and awarded Appellee custody of the minor children. In June, 1987, the children were found in California and returned to Appellee in Oklahoma.

Subsequently, Appellant returned to the State of Oklahoma and sought vacation of the trial court's order modifying custody which was denied on November 2, 1987. Appellant did not appeal the trial court's order denying vacation of the modification of child custody.

On February 5, 1988, Appellant filed her Application for Writ of Habeas Corpus, for return of Joshua, or in the alternative, a Motion to Vacate the trial court's order of November 2, 1987, as to custody of Joshua. As grounds for her Writ of Habeas Corpus, or in the alternative, Motion to Vacate, Appellant alleged that because Appellee was not the biological father of Joshua, Appellee had no standing to be awarded custody.

2. Appellant contends that the trial court erred in finding that Appellee was the legal father of Joshua and, in effect, had adopted Joshua by operations of statute. We disagree. 10 O.S.1981, § 1 provides:

"All children born in wedlock are presumed to be legitimate."

Title 10 O.S.1981, § 3 provides:

"The presumption of legitimacy can be disputed only by the husband or wife.... Provided that if the child is born during the course of the marriage and is reared by the husband and wife as a member of their family without disputing the child's legitimacy for a period of at least two years, the presumption cannot be disputed by anyone."

The trial court construed the two statutes with the divorce decree and found Appellee was presumed to be the legal father of Joshua and did not permit Appellee to dispute the presumption.

The trial court recognized the applicability of 10 O.S.1981, § 3 and declared Appellee to be the father of the child because there had been no dispute to the child's legitimacy for a two-year period of time following the birth of the child. The trial court's finding is correct. Not only does Section 3 prohibit Appellant to rebut the presumption of legitimacy, because the divorce decree was entered after the two-year period, Appellee is barred from rebutting the presumption of legitimacy, and his statement to the contrary is of no consequence.

The trial court found *Byers v. Byers*, 618 P.2d 930 (Okl.1980), to be distinguishable, and we agree. The Supreme Court found that pursuant to 10 O.S.1981, § 3 the statutory presumption may be disputed by either the husband or wife. However, if the child is reared by the husband and wife without a dispute as to its paternal condition for at least two years, the child's legal status becomes incontestable. The Supreme Court further found that the undisputed testimony of both husband and mother established the child's paternity in another man, and that this admitted fact operated conclusively to rebut the statutory "presumption of legitimacy" that attaches to children born during wedlock. Appellant urges that this Court apply the latter finding by the Supreme Court because of Appellee's admission in the divorce decree and thereafter of his non-paternity. However, the time frame in the *Byers* case of contesting the presumption of legitimacy fell well within the two-year period, and the question did not become incontestable.

For the reasons stated above, the order of the trial court is AFFIRMED.

GARRETT, P.J., and MacGUIGAN, J., concur.